UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRY T., | ) |
| | ) |
|       **Plaintiff,** | ) |
| | ) |
| v. | )    Case No. 19-CV-0684-CVE-CDL |
| | ) |
| ANDREW M. SAUL, | ) |
| **Commissioner of Social Security** | ) |
| **Administration,** | ) |
| | ) |
|       **Defendant.** | ) |

**OPINION AND ORDER**

Now before the Court is the report and recommendation of a magistrate judge (Dkt. # 16) recommending that the Court reverse the decision of the Commissioner of the Social Security Administration (Commissioner) denying social security benefits to plaintiff and remand for further proceedings. Defendant has filed a timely objection (Dkt. # 17) to the report and recommendation. Plaintiff has not filed a response and the time to do so has passed.

I.

The procedural history of this case is detailed in the magistrate judge's report and recommendation (Dkt. # 16) and will not be recited herein. As relevant here, plaintiff applied for disability benefits, alleging he qualified to receive disability due to shoulder problems, carpal tunnel syndrome, cysts on his hands, and high blood pressure. Dkt. # 10, at 60-61. Plaintiff's application was denied initially and upon reconsideration. Id. at 68, 96. Plaintiff requested a hearing before an ALJ and his request was granted. At the hearing, plaintiff was represented by counsel and questioned regarding his impairments. Id. at 36-58. A vocational expert (VE) was also present and

testified as to whether work existed in the national economy for someone with plaintiff's stated limitations. Id. at 54-58. At the hearing the VE testified that he believed plaintiff could perform 117,500 jobs in the United States. The VE stated someone with plaintiff's restrictions could perform the following jobs:

1. Furniture Rental Clerk, which the VE identified as Dictionary of Occupational Titles (DOT) code 295.357-018. The VE stated this occupation was "light duty," with a specific vocational preparation (SVP) level of 2, and 77,000 jobs in the national economy;

2. Counter Clerk, which the VE identified as DOT code 249.366-010. The VE stated this occupation was "light duty," with an SVP level of 2, and 31,000 jobs in the national economy; and

3. Tanning Salon Attendant, which the VE stated was DOT code 359.567-014. The VE stated this occupation was "light duty," with an SVP level of 2, and 9,500 jobs in the national economy.

Id.

After the hearing, the ALJ issued a decision finding that, though plaintiff did have a number of severe impairments that required limitations, plaintiff was not disabled under the guidelines. The ALJ found that plaintiff had the residual functioning capacity (RFC) to

> lift or carry, and push or pull, twenty pounds occasionally and ten pounds frequently. The [plaintiff] can sit for six hours out of an eight-hour day, and stand or walk a combined total of six hours out of an eight-hour day. The [plaintiff] can occasionally reach in all directions (including overhead) with the bilaterally upper extremities. The [plaintiff] can frequently handle and finger with the bilateral upper extremities.

Id. at 23. While the ALJ determined that, with such an RFC, plaintiff could not perform his past relevant work, he found that there were jobs available in the regional and national economies that

plaintiff could perform with his RFC. Id. at 27-28. The ALJ relied on the testimony of the VE in determining that there were sufficient jobs in the national economy for an individual of plaintiff's RFC, age, education, and work experience. Id. at 28.

Plaintiff requested review of the decision and the Appeals Council (AC) granted the request. The AC adopted the ALJ's statements regarding "the pertinent provisions of the [Act], Social Security Administration Regulations, Social Security Rulings and Acquiescence Rulings, the issues in the case, and the evidentiary facts, as applicable" and the ALJ's "findings or conclusions regarding whether [plaintiff] is disabled." Id. at 8. In its review, the AC either revised or made additional findings relating to the weight of certain opinion evidence. The AC also adjusted plaintiff's RFC, finding that plaintiff could

> perform a reduced range of light work with postural and manipulative limitations. Specifically, he could occasionally crawl and climb ladders, ropes, or scaffolds; frequently stoop, kneel, crouch, and climb ramps or stairs; occasionally reach in all directions with the bilateral upper extremities; and frequently handle and finger with the bilateral upper extremities.

Id. at 9. Ultimately, the AC agreed with the ALJ's determination that plaintiff was not disabled as plaintiff was capable of being employed as a furniture clerk, a counter clerk, or as a tanning salon attendant. Id. at 10. The AC's opinion became the final decision of the Commissioner.

Plaintiff filed this case requesting judicial review of the denial of his claim for benefits, and the matter was referred to a magistrate judge for a report and recommendation. Plaintiff objected to the Commissioner's decision on the ground that the ALJ did not perform a proper consistency analysis with respect to plaintiff's testimony, and on the ground that there was an insufficient number of alternative jobs in the national economy. Dkt. # 12, at 4. Specifically, plaintiff stated the tanning salon attendant position was not in the DOT and was not properly discussed. Id. at 6. The

Commissioner argued that the entire decision was supported by substantial evidence, and that any consideration of an additional 9,500 jobs was harmless error as the 108,000 jobs remaining is a significant number of jobs. Dkt. # 16, at 19-20.

In her report and recommendation, the magistrate judge found that the Commissioner's findings regarding plaintiff's testimony and consistency were supported by substantial evidence. Id. at 15-19. However, the magistrate judge found that plaintiff's second objection had merit. The magistrate judge noted that the basis for the consideration of the job of tanning salon attendant was unclear and, as a result, the consideration of the additional 9,500 jobs in the total jobs available to plaintiff was error. The magistrate judge could not find, as a matter of law, 108,000 jobs constituted a significant number, as that was a finding of fact reserved for the agency. Id. at 20-23. Accordingly, the magistrate judge recommended remanding the case for the limited purpose of determining whether the number of jobs available to people with plaintiff's RFC (after the exclusion of the 9,500 tanning salon attendant jobs) constitutes a significant number. Id. at 24. The Commissioner now objects to that report and recommendation, stating that any error relating to the significance of jobs in the national economy is harmless and the case should not be remanded on that basis. Dkt. # 17.

## II. LEGAL STANDARD

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. The parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). If a party objects, the Court "shall make a de novo determination of those portions of

the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. Fed. R. Civ. P. 72(b).

In reviewing an objection to a social security benefits determination, this Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005). The Commissioner's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." Jensen v. Barnhart, 436 F.3d 1163, 1165 (10th Cir. 2005). Reversal is also appropriate where the Commissioner fails to support his decision with substantial evidence. A decision is not supported by substantial evidence if the decision does not rest on "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "On judicial review, [the Commissioner's] factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" Biestek v. Berryhill, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). A court may neither reweigh the evidence nor substitute its judgement for that of the Commissioner. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008).

### III. ANALYSIS

It is the Commissioner's burden to demonstrate that alternative work exists in significant numbers in the national economy for someone of plaintiff's RFC, age, education, and work experience. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); Dkt. # 16, at 19. "To aid in making this determination, the ALJ may rely on an impartial vocational expert to provide testimony

about jobs the applicant can perform despite his or her limitations." Gutierrez v. Colvin, 844 F.3d 804, 806–07 (9th Cir. 2016) (citing Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012)); see generally Campbell v. Bowen, 822 F.2d 1518 (10th Cir. 1987). The DOT also provides guidance in this evaluation by detailing the different requirements for different occupations. Gutierrez, 844 F.3d at 806–07. "If the [VE's] opinion that the [claimant] is able to work conflicts with, or seems to conflict with, the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." Id. (citing Soc. Sec. Admin., Policy Interpretation Ruling: Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Information in Disability Decisions, SSR 00-4P, 2000 WL 1898704, at *2 (2000) [hereinafter SSR 00-4P]). "When vocational evidence provided by a VE . . . is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the VE . . . evidence to support a determination or decision that the individual is or is not disabled. The adjudicator will explain in the determination or decision how he or she resolved the conflict. The adjudicator must explain the resolution of the conflict irrespective of how the conflict was identified." SSR 00-4P, 2000 WL 1898704, at *2 (2000).

In his appeal to the magistrate judge, plaintiff argued that the Commissioner failed to show that a sufficient number of jobs exists in the national economy to support a finding of not disabled at step five. Specifically, plaintiff stated that there is no stand-alone definition in the DOT for "tanning salon attendant," so the VE's testimony regarding this definition was not consistent with the DOT. Dkt. # 12, at 5-6. Plaintiff argued that, because there was no discussion or testimony regarding this issue, or the basis for the 9,500 jobs, that the tanning salon attendant jobs should be disregarded in the total number of jobs available in the national economy. Id.

In response, the Commissioner argued that any error was harmless, because even when excluding the 9,500 jobs, the remaining 108,000 jobs constitute a significant number of jobs available to plaintiff.  Dkt. # 16, at 19-20.  In her report and recommendation, the magistrate judge found that the determination of whether sufficient jobs exist in the national economy is reserved for the Commissioner and, as a result, recommended the case be remanded.  The Commissioner objected to the report and recommendation on the basis that remand for the sole purpose of determining whether the lower number constituted a significant error was improper as the determination would not likely change upon remand.  Dkt. # 17.

The Court agrees with the recommendation that the case be remanded.  First, the Court notes that the ALJ erred by failing to reconcile the inconsistency between the VE's testimony and the DOT.  The DOT is still the primary publication for use in SSA disability determinations.  See Occupational Information System Project, Soc. Sec. Admin., https://www.ssa.gov/disabilityresearch/occupational_info_systems.html (last accessed March 16, 2021); see also Dictionary of Occupational Titles - Fourth Edition, Revised 1991:  Status of the Dictionary of Occupational Titles; Use In Social Security Disability Adjudications, U.S. Dep't of Labor, https://www.dol.gov/agencies/oalj/topics/libraries/LIBDOT (last accessed March 16, 2021).  The DOT does not have a stand-alone definition for "tanning salon attendant."  See Hastrich v. Comm'r Soc. Sec. Admin., No. 3:13-CV-00882-KI, 2014 WL 5355458, at *10 (D. Or. Oct. 20, 2014) (noting that the Commissioner concedes "tanning salon attendant is not a job listed in the [DOT], and the closest matching job is medium-level work").[1]  The DOT also does not have an entry

---

[1] This and other unpublished decisions are not precedential, but they are cited herein for their persuasive value.  See Fed. R. App. 32.1; 10th Cir. R. 32.1.

that corresponds with code 359.567-014.  Given the foregoing, the VE's testimony regarding this occupation cannot possibly be consistent with the DOT.  Because the ALJ and AC relied on the VE's testimony that these jobs existed (and, further, that they had the exertional and SVP characteristics that the VE represented) without any discussion of the fact that the occupation is not mentioned in the DOT, is legal error.  James S. v. Comm'r, Soc. Sec. Admin., No. 3:18-CV-00394-JO, 2019 WL 4345662, at *5 (D. Or. Sept. 11, 2019) ("The ALJ erred when he failed to seek a clarification from the vocational expert about the tanning salon attendant occupation.").  Without a record on which to determine if the ALJ adequately resolved the discrepancy as between the VE's testimony and the DOT, the error cannot be deemed harmless.  See Zoslow v. Comm'r of Soc. Sec., 778 F. App'x 762, 765 (11th Cir. 2019) (discussing Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1356 (11th Cir. 2018)).

It is apparent from the VE's testimony that he was relying not on the DOT, but on the Department of Labor's (DOL's) online resource for occupational information: O*Net OnLine ("O*Net").[2]  Assuming, arguendo, that O*Net is an authoritative source similar to the DOT for use

---

[2] Though the DOL states "[t]he DOT was replaced by the O*Net," SSA determinations are specifically carved out of this blanket statement. Dictionary of Occupational Titles - Fourth Edition, Revised 1991: Status of the Dictionary of Occupational Titles; Use In Social Security Disability Adjudications, U.S. Dep't of Labor, https://www.dol.gov/agencies/oalj/topics/libraries/LIBDOT (last accessed March 16, 2021). The DOL goes on to explain that the "Social Security Administration (SSA) is developing a new Occupational Information System (OIS), which will replace the DOT as the primary source of occupational information for use in the SSA disability adjudication process." Id. (emphasis added).  Accordingly, it is apparent that O*Net was not developed to replace the DOT with respect to SSA determinations.  Id.; see also Occupational Information System Project, Soc. Sec. Admin., https://www.ssa.gov/disabilityresearch/occupational_info_systems.html (last accessed March 16, 2021).

in SSA determinations,[3] the ALJ and AC still both failed to conduct the proper analysis regarding the O*Net occupation code 359.567-014 (identified by the VE as "tanning salon attendant"), prior to relying on his testimony. In his testimony, the VE indicated that the tanning salon attendant position was "light duty" with a SVP of 2. Dkt. # 10, at 56. However, O*Net indicates that the occupation tanning salon attendant, listed under O*Net code 359.567-014, is grouped with occupations that require a SVP range of 4.0 - 6.0 or greater. See Summary Report for: 39-3093.00 - Locker Room, Coatroom, and Dressing Room Attendants, O*Net Online, https://www.onetonline.org/link/summary/39-3093.00 (last accessed March 16, 2021). There is no indication that the ALJ considered this discrepancy between the VE's testimony regarding the tanning salon attendant SVP of 2 and the O*Net SVP of 4.0 - 6.0 or more. There is also no record that the AC considered this discrepancy. In the absence of any discussion of the discrepancy between the VE's testimony regarding SVP and the O*Net representation indicating a higher SVP was required for this position, neither the ALJ nor the AC could rely on the VE's testimony as the

---

[3] Like other district courts, this Court does not find that O*Net has superceded the DOT as the approved administrative authority for SSA occupational determinations. See, e.g., Strong v. Berryhill, No. 17-CV-1286F, 2019 WL 2442147, at *6 (W.D.N.Y. June 12, 2019) ("O*NET does not appear in the Social Security Rulings as an approved source . . ."). But see Wennersten v. Colvin, No. 12-CV-783-BBC, 2013 WL 4821474, at *4 (W.D. Wis. Sept. 10, 2013) (collecting cases for the proposition that O*Net "superseded the DOT as the federal government's primary source of occupational information." This Court notes that those cases either do not address the DOL's express statement that the OIS "will replace the DOT as the primary source of occupational information for use in the SSA disability adjudication process" or they actually support the proposition that, in spite of O*Net superceding the DOT for use by the DOL, "SSR 00–4p continues to require consistency between vocational expert testimony and the DOT." Ricard v. Astrue, No. 1:09-0008, 2009 WL 5031317, at *9 (M.D. Tenn. Dec. 14, 2009)).

sole basis for their decisions finding a significant number of jobs exists in the national economy for which plaintiff qualifies. SSR 00-4P, 2000 WL 1898704, at *2 (2000).

Further, the magistrate judge correctly notes that, upon exclusion of the improperly evaluated tanning salon attendant position jobs, the determination of numerical significance at step five is not a determination for the district court. When evaluating whether the number of jobs is significant an ALJ must consider many criteria, including: "the level of claimant's disability; the reliability of the vocational expert's testimony; the distance claimant is capable of travelling to engage in the assigned work; the isolated nature of the jobs; the types and availability of such work, and so on." Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir. 1992) (quoting Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988), and Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988)). "The decision should ultimately be left to the [ALJ's] common sense in weighing the statutory language as applied to a particular claimant's factual situation." Id.

Here, the Commissioner asks the Court to overlook the lack of support for the VE's testimony, which was relied upon to conclude that the Commissioner met his burden at step five, and instead find that 108,000 jobs is significant as a matter of law. Dkt. # 17. However, as noted in the report and recommendation, "the Tenth Circuit has not identified a specific threshold for a 'significant' number of jobs. Instead, the issue of numerical significance entails many fact-specific considerations requiring individualized evaluation." Dkt. # 16, at 20 (quoting Allen v. Barnhart, 357 F.3d 1140, 1144 (10th Cir. 2004), and Trimiar, 966 F.2d at 1330). In fact, in Allen v. Barnhart, the Tenth Circuit stated that "this court has made it clear that judicial line-drawing in this context is inappropriate," because "the issue of numerical significance entails many fact-specific considerations requiring individualized evaluation, and, most importantly, that the evaluation 'should ultimately be

left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation.'" 357 F.3d at 1144 (quoting Trimiar, 966 F.2d at 1330). Here, as in that case, "[s]uch a determination is precisely what is presently lacking." Id. This is especially true given the absence of any resolution of the conflicts between the VE's testimony and the DOT, and between the VE's testimony and O*Net, the resource on which he relied.

    **IT IS THEREFORE ORDERED** that the report and recommendation (Dkt. # 16) is **accepted**, and the Commissioner's decision denying plaintiff's claim for disability benefits is **reversed and remanded**. A separate judgment is entered herewith.

    **DATED** this 16th day of March, 2021.

                                                       */s/ Claire V. Eagan*
                                                       CLAIRE V. EAGAN
                                                       UNITED STATES DISTRICT JUDGE